IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHINA LONON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 120-138 |
| ) | |
| EDWARD PHILBIN; JAMES SOLEN; ) | |
| AUGUSTA STATE MEDICAL PRISON; ) | |
| CERT OFFICER SMITH; and CERT ) | |
| OFFICER SCOTT, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I.   SCREENING THE AMENDED COMPLAINT

Plaintiff names as Defendants:  (1) Edward Philbin; (2) James Solen; (3) Augusta State Medical Prison; (4) Cert Officer Smith; and (5) Cert Officer Scott.  (Doc. no. 6, pp. 2-3.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 9, 2019, while housed at ASMP in the administration segregation unit, unidentified CERT Officers pepper sprayed Plaintiff twice through the flaps of his cell door, and once through the back window. (Id. at 12.) CERT Officers closed the flap doors on Plaintiff's hands, causing deep cuts when Plaintiff pulled his hands back into his cell. (Id.) CERT Officer Smith tightly placed Plaintiff in handcuffs, which cut into Plaintiff's skin. (Id.) When CERT Officers opened Plaintiff's cell door, CERT Officer Smith aggressively grabbed Plaintiff, forced him to the floor, and bent his hands upward. (Id.) CERT Officers Davis, Scott, and Bluitt told Plaintiff to stop resisting as they punched his lower stomach and back. (Id.) Plaintiff responded, while coughing, "I'm not resisting he's trying to break my wrist." (Id.) CERT Officers Smith and Davis "aggressively escorted Plaintiff out of 12A," causing Plaintiff to hit his head on several objects as well as making it difficult for Plaintiff to breathe. (Id.) While being escorted, Plaintiff fell twice, and CERT Officers Smith and Davis scraped both sides of Plaintiff's face under his eyes. (Id.)

Once Plaintiff made it to medical, CERT Officer Smith attacked Plaintiff by choking and digging at his right eyeball, as CERT Officer Davis punch the left side of Plaintiff's face. (Id. at 13.) Both Officers stopped beating Plaintiff when Defendant Solen walked in the room. (Id.) Defendant Solen asked Plaintiff what injuries he sustained, wrote them down, and told the CERT Officers Plaintiff was "good to go." (Id.) Plaintiff asked Defendant Solen "are you going to treat my wounds?" to which Defendant Solen responded, "that's not my job." (Id.) CERT Officers escorted Plaintiff back to his cell where he had no property, mattress, or food trays for over seventy-two hours. (Id.)

Plaintiff suffered numerous injuries as a result of the force used against him and required medical attention, such as x-rays, computerized tomography (CT) scans, and surgery. (Id.) For relief, Plaintiff requests compensatory damages. (Id. at 14.)

## II. DISCUSSION

### A. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

3

cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff No Longer Brings Any Claims Against Defendant Augusta State Medical Prison

As the Court previously explained, (doc. no. 4, p. 4), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  Plaintiff originally named ASMP as a Defendant.  (See doc. no. 1.)  However, Plaintiff's amended complaint no longer names ASMP as a Defendant, and does not make any allegations associating the prison as an entity with a purported constitutional violation.  (See generally doc. no. 6.)  Dismissal is therefore appropriate. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); see also Lovelace v.

DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (*per curiam*) (collecting cases for proposition a police not generally considered legal entity subject to suit).

### C. Plaintiff Fails to State a Valid Claim against Defendant Philbin

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff's only mention of Defendant Philbin is in his defendant list and request for relief. (Doc. no. 6, pp. 2, 14.)  Because Plaintiff alleges no facts regarding Defendant Philbin anywhere in his amended complaint, he fails to state a claim against him.

### D. Official Capacity Monetary Damages

Plaintiff states he is suing Defendants in their individual and official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants ASMP and Philbin, along with all official capacity claims for money damages against all Defendants, be **DISMISSED** from this case.  By separate Order, the Court directs service of process on Officers Smith and Scott based on Plaintiff's excessive force allegations

and Defendant Solen based on Plaintiff's medical deliberate indifference allegations.

SO REPORTED and RECOMMENDED this 8th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA