IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHINA LONON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 120-138 |
| | ) |
| EDWARD PHILBIN; JAMES SOLEN; | ) |
| AUGUSTA STATE MEDICAL PRISON; | ) |
| CERT OFFICER SMITH; and CERT | ) |
| OFFICER SCOTT, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Plaintiff requests leave to file an amended complaint, requesting to add Lieutenant Neal and the State of Georgia as parties. (Doc. no. 20.)

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend his pleading once as a matter of course within twenty-one days after service. Thereafter, a party may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)). Further, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)).

Adding the State of Georgia would be futile because, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").

Adding Lieutenant Neal as a Defendant would also be futile because the sole allegation by Plaintiff is that Lieutenant Neal "was the supervisor that day," and he failed to "follow 'SOP' or the Department of Georgia corrections rules for 'use of force.'" (Doc. no.

2

20.)  Such generalized allegations do not state a claim.  Also, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted.  See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012).  Therefore, the Court **DENIES** Plaintiff's motion to amend.  (Doc. no. 20.)

Accordingly, the Court **DISMISSES** Defendants ASMP and Philbin, along with all official capacity claims for money damages against all Defendants.  The case shall proceed against Officer Smith, Officer Scott, and Defendant Solen as described in the Magistrate Judge's March 8, 2021 Order.  (See doc. no. 11.)

SO ORDERED this 29th day of April, 2021, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA