IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

|  |  |  |
|---|---|---|
| CHINA LONON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-138 |
| | ) | |
| JAMES SOLEN; CERT OFFICER SMITH; | ) | |
| and CERT OFFICER SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Telfair State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Augusta State Medical Prison.  Defendants Smith and Scott filed a motion to dismiss on August 6, 2021 due to Plaintiff's failure to disclose his full litigation history.  (Doc. no. 29.) Plaintiff filed a motion to proceed on August 23, 2021.  (Doc. no. 33.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants Smith and Scotts' motion to dismiss be **GRANTED**, (doc. no. 29), Plaintiff's motion to proceed be **DENIED**, (doc. no. 33), and this civil action be **DISMISSED** without prejudice.[1]

_____

[1]The Court is aware Defendant James Solen may not have notice of this lawsuit due to issues with service of process.  (Doc. no. 29, p. 1, n.1.)  However, because the Court recommends dismissal, the issue of service upon Defendant Solen is moot.

2

I.      BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with

the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires

frequent filer prisoners to prepay the entire filing fee before federal courts may consider their

lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations

omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax

v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms

show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh

Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's

right to access the courts, the doctrine of separation of powers, an inmate's right to due process

of law, or an inmate's right to equal protection.  Rivera, 144 F.3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)"

requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state

or federal court dealing with the same facts involved in the current action, (2) whether they

have filed other lawsuits in state or federal court otherwise relating to the conditions of their

imprisonment, and (3) the disposition of any such lawsuits.  (Doc. no. 6, pp. 9-10.)  The

questions concerning prior lawsuits require the prisoner plaintiff to describe each such lawsuit, including the court hearing the case, and the date of filing and disposition.  (Id.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id.)

## II.    DISCUSSION

In his amended complaint (signed and certified under Rule 11) and in his original complaint (sworn under penalty of perjury), Plaintiff did not identify any other case he had filed, whether dealing with the same or other facts than this case.  (Doc. no. 6, pp. 9-10; doc. no. 1, p. 2.)  Plaintiff did not disclose that he began a lawsuit in federal court concerning the conditions of his imprisonment at Telfair State Prison in January of 2019:  Lonon v. Smith, 3:19-CV-011 (S.D. Ga. July 26, 2019).[2]

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (per curiam) (affirming dismissal of complaint based on failure to disclose eight

---

[2]The case was eventually dismissed.  Lonon, 3:19-CV-011, doc. no. 19 (S.D. Ga. July 26, 2019).

4

habeas petitions filed in district court); <u>Sears v. Haas</u>, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); <u>Young v. Sec'y Fla. for Dep't of Corr.</u>, 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  <u>See, e.g.</u>, <u>Brown v. Wright</u>, CV 111-044 (S.D. Ga. June 17, 2011); <u>Hood v. Tompkins</u>, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  As discussed above, Plaintiff's failure to disclose his prior federal lawsuit was blatantly dishonest.  Accordingly, this case should be dismissed without prejudice as a sanction for the dishonesty.

5

## III.   CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** Defendants Smith and Scotts' motion to dismiss be **GRANTED**, (doc. no. 29), Plaintiff's motion to proceed be **DENIED**, (doc. no. 33), and this civil action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 8th day of September, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA